IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL DAVID GARCIA and TAHSEEN ADERMAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF CHICAGO, OFFICER EDWIN UTRERAS, and OTHER AS-YET UNIDENTIFIED CHICAGO POLICE OFFICERS,<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME Plaintiffs, ANGEL DAVID GARCIA and TAHSEEN ADERMAN, by and through their attorneys Smith, Johnson, & Antholt, LLC, complaining of Defendants, CITY OF CHICAGO, OFFICER EDWIN UTRERAS, and OTHER AS-YET UNIDENTIFIED CHICAGO POLICE OFFICERS, as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' Fourth Amendment rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**The Parties**

3. Plaintiffs, Angel David Garcia and Tahseen Aderman, reside in Chicago, Cook County, Illinois.

4. Defendant Officer Utreras and other as-yet unidentified officers ("Defendant Officers") were at the time of this occurrence Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of respondeat superior on the pendant State law claims.

**Background**

6. Plaintiffs reside in the second floor apartment of a multi-unit house on Chicago's North Side where they have lived for the last five years.

7. On May 16, 2013, Plaintiffs were resting in their bedroom when Plaintiff Tahseen Aderman heard some noise and movement coming from their back deck.

8. As Ms. Aderman's attention turned to the back of the house, but before she had the opportunity to get up to investigate, Defendant Officers' rammed down the door to Plaintiffs' home.

9. The Defendant Officers entered the house without knocking and announcing themselves.

10. As Plaintiffs lay in bed in shock—the noise having awoken Mr. Garcia from his nap—Defendant Officers stormed through their home.

11. The Defendant Officers entered Plaintiffs' bedroom with guns drawn and then pointed their weapons at Plaintiffs.

12. The Defendant Officers detained Plaintiffs and searched their home.

13. Taking an already frightening situation and making it a degrading nightmare, some of the Defendant Officers were extraordinarily disrespectful and unprofessional throughout the incident.

14. Mr. Garcia, who suffers from high blood pressure and is on dialysis, was visibly shaken by the invasion of his home. When he stated that he was not feeling well, the Sergeant (as-yet unidentified) mocked him as he went to check his blood pressure.

15. Knowing full well that they had terrorized Plaintiffs and searched the wrong apartment, Defendant Officers left without an apology.

## Count I – 42 U.S.C. § 1983
## Fourth Amendment – Unreasonable Entry

16. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

17. As described in the preceding paragraphs, the Defendant Officers, acting under color of law, entered Plaintiffs' home without knocking or announcing, and without any lawful justification, in violation of the Fourth Amendment of the United States Constitution.

18. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

19. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including emotional distress.

### Count II – 42 U.S.C. § 1983
### Fourth Amendment – Excessive Force

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

21. As described in the preceding paragraphs, the Defendant Officers, acting under color of law, used excessive force against Plaintiffs in violation of the Fourth Amendment of the United States Constitution.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

23. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including emotional distress.

### Count III – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene

24. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

25. As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the misconduct described in this Complaint.

26. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered injuries including emotional distress.

### Count IV – State Law Claim
### Assault

27. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

28. The above-detailed conduct by the Defendant Officers, including pointing their weapons at Plaintiffs, was done with the intent to cause Plaintiffs apprehension of imminent bodily harm.

4

/
/
/
/
/

29. The above-detailed conduct by the Defendant Officers caused Plaintiffs reasonable apprehension of bodily harm.

30. As a result of the Defendant Officers' conduct, Plaintiffs suffered injury, including emotional distress.

## Count V – State Law Claim
## Indemnification – 745 ILCS 10/9-102

31. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

32. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

33. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

## Count VI – State Law Claim
## Respondeat Superior

34. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

36. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against Defendants for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, and oppressively, Plaintiffs seek punitive damages against them in their individual capacities, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

JURY TRIAL DEMANDED.

                                      RESPECTFULLY SUBMITTED,

                                        /s/ Amanda Antholt
                                One of the Attorneys for Plaintiff

Amanda Antholt
Christopher Smith
Robert W. Johnson
James Baranyk
Emily J. Stine
Smith, Johnson & Antholt LLC
1 North LaSalle Street, Suite 3040
Chicago, IL 60602
312.432.0400