IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL DAVID GARCIA and<br>TAHSEEN ADERMAN,<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF CHICAGO, OFFICER EDWIN<br>UTRERAS, and OTHER AS YET<br>UNIDENTIFIED CHICAGO POLICE OFFICERS,<br><br>Defendant(s). | Case No. 13 CV 04826<br><br>JUDGE GUZMAN<br><br><br><br><br>Jury Demand |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants, the City of Chicago ("City") and Officer Edwin Utreras ("Utreras"), by their counsel, for their answer, affirmative defenses and jury demand to Plaintiffs' Complaint, state as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' Fourth Amendment rights as secured by the United States Constitution.

**ANSWER**: Defendants admit plaintiffs' Complaint purports to assert claims pursuant to 42 U.S.C. §1983. Defendant Utreras denies any wrongdoing, denies any wrongful conduct, and denies any liability to plaintiffs for any of the claims asserted in the Complaint.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**ANSWER**: Defendants admit plaintiffs' Complaint purports to assert claims pursuant to federal law that seek to invoke the jurisdiction of this Court. Defendants admit venue is proper

1

for those claims in the United States District Court, Northern District of Illinois. Defendant Utreras denies any wrongdoing, denies any wrongful conduct, and denies any liability to plaintiffs for any of the claims asserted in the Complaint.

## The Parties

3. Plaintiffs, Angel David Garcia and Tahseen Aderman, reside in Chicago, Cook County, Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendant Officer Utreras and other-as-yet unidentified officers ("Defendant Officers") were at the time of this occurrence Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER**: Defendant Utreras admits that at all times relevant, he was a Chicago Police officer, acting within the scope of his employment and under color of law and that Plaintiffs purport to sue him in his individual capacity. Defendant Utreras denies any wrongdoing, denies any wrongful conduct, and denies any liability to plaintiffs for any of the claims asserted in the Complaint. Defendant City admits that, at all times relevant, Defendant Utreras was a Chicago Police officer and that Plaintiffs purport to sue him in his individual capacity. The City further admits, on information and belief, that Defendant Utreras was acting within the scope of his employment and under color of law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and make no answer on behalf of unknown or unidentified Chicago Police Officers.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of respondeat superior on the pendant State law claims.

**ANSWER**: Defendants admit the City is a municipal corporation duly incorporated under the laws of the State of Illinois and that the Chicago Police Department is an administrative

department operated by the City, which employed Officer Utreras. Defendants further admit that plaintiffs purport to sue the City pursuant to the doctrine of respondeat superior on their state law claims.

## Background

6. Plaintiffs reside in the second floor apartment of a multi-unit house on Chicago's North Side where they have lived for the last five years.

**ANSWER**: Defendants lack knowledge as to the truth of the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

7. On May 16, 2013, Plaintiffs were resting in their bedroom when Plaintiff Tahseen Aderman heard some noise and movement coming from their back deck.

**ANSWER**: Defendants lack knowledge as to the truth of the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

8. As Ms. Aderman's attention turned to the back of the house, but before she had the opportunity to get up to investigate, Defendant Officers' rammed down the door to Plaintiffs' home.

**ANSWER**: Defendants admit that forced entry was made to the top floor rear door of the property located at 4328 N. Ridgeway in Chicago, IL. Defendants lack knowledge as to the truth of the remaining allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

9. The Defendant Officers entered the house without knocking and announcing themselves.

**ANSWER**: Defendant Utreras denies the allegations contained in this paragraph. Defendant City, on information and belief, denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

10. As Plaintiff's lay in bed in shock - the noise having awoken Mr. Garcia from his nap - Defendant Officers stormed through their home.

**ANSWER**: Defendant Utreras admits, and the City admits upon information and belief, that entry was made to the top floor of the property located at 4328 N. Ridgeway in Chicago, IL and that the apartment was systematically cleared and secured. Defendants lack knowledge as to the truth of the remaining allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

11. The Defendant Officers entered Plaintiffs' bedroom with guns drawn and then pointed their weapons at Plaintiffs.

**ANSWER**: Defendant Utreras admits that entry was made to all rooms in the apartment and that Officer Utreras entered the unit with his gun drawn, but denies he pointed his gun at plaintiffs. Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

12. The Defendant Officers detained Plaintiffs and searched their home.

**ANSWER**: Defendant Utreras admits that Plaintiffs were detained and that plain-view observations were made during the course of systematically clearing and securing the apartment. Defendant Utreras denies the remaining allegations. Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

13. Taking an already frightening situation and making it a degrading nightmare, some of the Defendants were extraordinarily disrespectful and unprofessional throughout the incident.

**ANSWER**: Defendant Utreras denies the allegations in this paragraph. Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago

Police Officers.

14. Mr. Garcia, who suffers from high blood pressure and is on dialysis, was visibly shaken by the invasion of his home. When he stated he was not feeling well, the Sergeant (as-yet unidentified) mocked him as he went to check his blood pressure.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

15. Knowing full well that they had terrorized Plaintiffs and searched the wrong apartment, Defendant Officers left without an apology.

**ANSWER**: Defendant Utreras denies the allegations in this paragraph. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

### Count I - 42 U.S.C. § 1983
### Fourth Amendment - Unreasonable Entry

16. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

17. As described in the preceding paragraphs, the Defendant Officers, acting under color of law, entered Plaintiffs' home without knocking or announcing, and without any lawful justification, in violation of the Fourth Amendment of the United States Constitution.

**ANSWER**: Defendants admit Officer Utreras was acting under color of law and pursuant to a valid search warrant when he made entry to the top floor of the property located at 4328 N. Ridgeway in Chicago, IL. Defendant Utreras denies the remaining allegations contained in this paragraph and denies any wrongful or illegal conduct. On information and belief, Defendant

5

City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

18. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph.

19. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including emotional distress.

**ANSWER**: Defendant Utreras denies and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

### Count II - 42 U.S.C. § 1983
### Fourth Amendment - Excessive Force

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

21. As described in the preceding paragraphs, the Defendant Officers, acting under color of law, used excessive force against Plaintiffs in violation of the Fourth Amendment of the United States Constitution.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or

unidentified Chicago Police Officers.

23. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including emotional distress.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

### Count III - 42 U.S.C. § 1983
### Fourth Amendment - Failure to Intervene

24. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

25. As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant officers stood by without intervening to prevent the misconduct described in this Complaint.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

26. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered injuries including emotional distress.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

### Count IV - State Law Claim
### Assault

27. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the

7

foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

28. The above-detailed conduct by the Defendant Officers, including pointing their weapons at Plaintiffs, was done with the intent to cause Plaintiffs apprehension of imminent bodily harm.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

29. The above-detailed conduct by the Defendant Officers caused Plaintiffs reasonable apprehension of bodily harm.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

30. As a result of the Defendant Officers' conduct, Plaintiffs suffered injury, including emotional distress.

**ANSWER**: Defendant Utreras denies, and on information and belief the City denies the allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

**Count V - State Law Claim**
**Indemnification - 745 ILCS 10/-102**

31. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

32. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

**ANSWER**: Defendants admit that Officer Utreras was employed by the City of Chicago.

Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

33. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

**ANSWER**: Defendants admit that Officer Utreras was acting under color of law and within the scope of his employment at all times relevant. Utreras denies, the remaining allegations contained in this paragraph and denies any wrongful conduct. On information and belief the City denies the remaining allegations contained in this paragraph. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

## Count VI - State Law Claim
## Respondeat Superior

34. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

35. In committing the acts alleged in the preceding paragraphs, the defendant Officers were employed by and acting as agents of the City of Chicago.

**ANSWER**: Defendants admit that Officer Utreras was employed by the City of Chicago. Defendant Utreras denies, and on information and belief the City denies any wrongful conduct or liability. Defendants make no answer on behalf of unknown or unidentified Chicago Police Officers.

36. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER**: Defendants deny the allegations contained in this paragraph and deny that plaintiffs have accurately stated the law.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Counts I-VI, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

1. Defendant Edwin Utreras is a government official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Utreras could have believed his actions to be lawful, in light of clearly established law and information that Defendant Utreras possessed. Therefore, Defendant Utreras is entitled to qualified immunity as to Plaintiffs' federal claims.

2. As to the state law claims, Defendants are not liable for Plaintiffs' state law claims because there was reasonable suspicion and Defendant Utreras did not act with any malice. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of employment, unless he acts maliciously and without probable cause. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

3. As to the state law claims, Defendants are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. As to the state law claims, at all times relevant, Defendant Utreras was executing and enforcing the law. Plaintiffs cannot establish willful and wanton misconduct on the part of Defendants, therefore Defendants are immune from suit. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. As to the state law claims, where Defendants may be liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by the application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiffs which was the proximate cause of these injuries.

6. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

7. Defendant Utreras is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

8. The City of Chicago is not liable to Plaintiff for any state law claim for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

## JURY DEMAND

Defendants City of Chicago and Edwin Utreras request trial by jury.

Respectfully submitted,

/s/ Gail L. Reich
Gail L. Reich
Assistant Corporation Counsel
Attorney for Defendants

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-1975
(312) 744-6566 (FAX)
ATTY. NO. 6279564