IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL DAVID GARCIA and ) | | |
| TAHSEEN ADERMAN, ) | Case No. 13 CV 04826 | |
| ) | | |
| Plaintiff(s), ) | JUDGE GUZMAN | |
| ) | | |
| vs. ) | | |
| ) | | |
| CITY OF CHICAGO, et. al., ) | Jury Demand | |
| ) | | |
| Defendant(s). ) | | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, the City of Chicago ("City") and Eric Cato, Edwin Utreras, Angela Pittman, Melvin Ector, Paul Sznura, Ronald Norway, Scott Hall, Jeffrey Troutman, and Brian McHale ("Defendant Officers") (collectively "Defendants"), by their counsel, and for their answer, affirmative defenses and jury demand to Plaintiffs' First Amended Complaint, state as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' Fourth Amendment rights as secured by the United States Constitution.

**ANSWER**: Defendants admit plaintiffs' Complaint purports to assert claims pursuant to 42 U.S.C. §1983. Defendant Officers deny any wrongdoing, deny any wrongful conduct, and deny any liability to plaintiffs for any of the claims asserted in the Complaint.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**ANSWER**: Defendants admit plaintiffs' Complaint purports to assert claims pursuant to federal law that seek to invoke the jurisdiction of this Court. Defendants admit venue is proper

1

for those claims in the United States District Court, Northern District of Illinois. Defendant Officers deny any wrongdoing, deny any wrongful conduct, and deny any liability to plaintiffs for any of the claims asserted in the Complaint.

### The Parties

3. Plaintiffs, Angel David Garcia and Tahseen Aderman, reside in Chicago, Cook County, Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Defendant Segeant Eric Cato, #1321, Officer Edwin Utreras, #19901, Officer Angela Pittman, #8235, Officer Melvin Ector, #5083, Officer Paul Sznura, #18899, Officer Ronald Norway, #6797, Officer Scott Hall, #12973, Officer Jeffrey Troutman, #6731, and Officer Brian McHale, #8721, ("Defendant Officers") were at the time of this occurrence Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER**: Defendant Officers admit that at all times relevant, Eric Cato, Edwin Utreras, Angela Pittman, Melvin Ector, Paul Sznura, Ronald Norway, Scott Hall, Jeffrey Troutman and Brian McHale were Chicago Police officers, acting within the scope of their employment and under color of law and that Plaintiffs purport to sue them in their individual capacities. Defendant Officers deny any wrongdoing, deny any wrongful conduct, and deny any liability to plaintiffs for any of the claims asserted in the Complaint. Defendant City admits that, at all times relevant, Defendant Officers were Chicago Police officers and that Plaintiffs purport to sue each in his or her individual capacity. The City further admits, on information and belief, that Defendant Officers were acting within the scope of their employment and under color of law.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of respondeat superior on the pendant State law claims.

**ANSWER**: Defendants admit the City is a municipal corporation duly incorporated under the laws of the State of Illinois and that the Chicago Police Department is an administrative

department operated by the City, which employed Defendant Officers. Defendants further admit that plaintiffs purport to sue the City pursuant to the doctrine of respondeat superior on their state law claims.

## Background

6. Plaintiffs reside in the second floor apartment of a multi-unit house on Chicago's North Side where they have lived for the last five years.

**ANSWER**: Defendants lack knowledge as to the truth of the allegations contained in this paragraph.

7. On May 16, 2013, Plaintiffs were resting in their bedroom when Plaintiff Tahseen Aderman heard some noise and movement coming from their back deck.

**ANSWER**: Defendants lack knowledge as to the truth of the allegations contained in this paragraph.

8. As Ms. Aderman's attention turned to the back of the house, but before she had the opportunity to get up to investigate, Defendant Officers' rammed down the door to Plaintiffs' home.

**ANSWER**: Defendants admit that forced entry was made to the top floor rear door of the property located at 4328 N. Ridgeway in Chicago, IL. Defendants lack knowledge as to the truth of the remaining allegations contained in this paragraph.

9. The Defendant Officers entered the house without knocking and announcing themselves.

**ANSWER**: Defendant Officers deny the allegations contained in this paragraph. Defendant City, on information and belief, denies the allegations contained in this paragraph.

10. As Plaintiff's lay in bed in shock - the noise having awoken Mr. Garcia from his nap - Defendant Officers stormed through their home.

**ANSWER**: Defendant Officers admit, and the City admits upon information and belief, that entry was made to the top floor of the property located at 4328 N. Ridgeway in Chicago, IL and that the apartment was systematically cleared and secured. Defendants lack knowledge as to the truth of the remaining allegations contained in this paragraph.

11. The Defendant Officers entered Plaintiffs' bedroom with guns drawn and then pointed their weapons at Plaintiffs.

**ANSWER**: Defendant Officers admit that entry was made to all rooms in the apartment and that Defendant Officers entered the unit with their guns drawn. Defendant Officers further admit that a Defendant Officer may have pointed his weapon in Plaintiffs' direction upon initial entry into the Plaintiffs' residence. Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

12. The Defendant Officers detained Plaintiffs and searched their home.

**ANSWER**: Defendant Officers admit that Plaintiffs were detained and that the Defendant Officers commenced a search of their home. Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

13. Taking an already frightening situation and making it a degrading nightmare, some of the Defendants were extraordinarily disrespectful and unprofessional throughout the incident.

**ANSWER**: Defendant Officers deny the allegations in this paragraph. Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

14. Mr. Garcia, who suffers from high blood pressure and is on dialysis, was visibly shaken by the invasion of his home. When he stated he was not feeling well, Sergeant Cato mocked him as he went to check his blood pressure.

**ANSWER**: Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding plaintiff's medical conditions and if he was visibly shaken. Defendant Officers deny Sergeant Cato mocked the plaintiff. Defendant City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

15. Knowing full well that they had terrorized Plaintiffs and searched the wrong apartment, Defendant Officers left without an apology.

**ANSWER**: Defendant Officers deny the allegations in this paragraph. The City lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## Count I - 42 U.S.C. § 1983
## Fourth Amendment - Unreasonable Entry

16. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

17. As described in the preceding paragraphs, the Defendant Officers, acting under color of law, entered Plaintiffs' home without knocking or announcing, and without any lawful justification, in violation of the Fourth Amendment of the United States Constitution.

**ANSWER**: Defendant Officers admit they were acting under color of law and pursuant to a valid search warrant when they made entry to the top floor of the property located at 4328 N. Ridgeway in Chicago, IL. Defendant Officers deny the remaining allegations contained in this paragraph and deny any wrongful or illegal conduct. On information and belief, Defendant City denies the allegations contained in this paragraph.

18. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER**: Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

19. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including emotional distress.

**ANSWER**: Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

## Count II - 42 U.S.C. § 1983
## Fourth Amendment - Excessive Force

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the

foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

21. As described in the preceding paragraphs, the Defendant Officers, acting under color of law, used excessive force against Plaintiffs in violation of the Fourth Amendment of the United States Constitution.

**ANSWER**: Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER**: Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

23. As a result of the Defendant Officers' conduct, Plaintiffs suffered injuries including emotional distress.

**ANSWER**: Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

### Count III - 42 U.S.C. § 1983
### Fourth Amendment - Failure to Intervene

24. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

25. As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant officers stood by without intervening to prevent the misconduct described in this Complaint.

**ANSWER**: Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

26. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered injuries including emotional distress.

**ANSWER**:   Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

### Count IV - State Law Claim
### Assault

27.   Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**:   Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

28.   The above-detailed conduct by the Defendant Officers, including pointing their weapons at Plaintiffs, was done with the intent to cause Plaintiffs apprehension of imminent bodily harm.

**ANSWER**:   Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

29.   The above-detailed conduct by the Defendant Officers caused Plaintiffs reasonable apprehension of bodily harm.

**ANSWER**:   Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

30.   As a result of the Defendant Officers' conduct, Plaintiffs suffered injury, including emotional distress.

**ANSWER**:   Defendant Officers deny, and on information and belief the City denies the allegations contained in this paragraph.

### Count V - State Law Claim
### Indemnification - 745 ILCS 10/-102

31.   Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**:   Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

32.   At the time of the events described above, the Defendant Officers were employed

by the City of Chicago.

**ANSWER**: Defendants admit that Defendant Officers were employed by the City of Chicago.

33. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

**ANSWER**: Defendants admit that Defendant Officers were acting under color of law and within the scope of their employment at all times relevant. Defendant Officers deny the remaining allegations contained in this paragraph and deny any wrongful conduct. On information and belief the City denies the remaining allegations contained in this paragraph.

### Count VI - State Law Claim
### Respondeat Superior

34. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants incorporate and restate their answers and responses to each of the foregoing paragraphs as their answer and response to this paragraph as though fully set forth herein.

35. In committing the acts alleged in the preceding paragraphs, the defendant Officers were employed by and acting as agents of the City of Chicago.

**ANSWER**: Defendants admit that Defendant Officers were employed by the City of Chicago. Defendant Officers deny, and on information and belief the City denies any wrongful conduct or liability.

36. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER**: Defendants deny the allegations contained in this paragraph and deny that plaintiffs have accurately stated the law.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on Counts I-VI, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

**AFFIRMATIVE DEFENSES**

1. Defendant Officers Cato, Utreras, Pittman, Ector, Sznura, Norway, Hall, Troutman, and McHale are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed his or her actions to be lawful, in light of clearly established law and information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as to Plaintiffs' federal claims.

2. As to the state law claims, Defendants are not liable for Plaintiffs' state law claims because there was reasonable suspicion and Defendant Officers did not act with any malice. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his or her instituting or prosecuting any judicial or administrative proceeding within the scope of employment, unless he or she acts maliciously and without probable cause. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

3. As to the state law claims, Defendants are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. As to the state law claims, at all times relevant, Defendant Officers Cato, Utreras, Pittman, Ector, Sznura, Norway, Hall, Troutman, and McHale were executing and enforcing the law. Plaintiffs cannot establish willful and wanton misconduct on the part of Defendants, therefore Defendants are immune from suit. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. As to the state law claims, where Defendants may be liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by the

application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiffs which was the proximate cause of these injuries.

6. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

7. Defendant Officers Cato, Utreras, Pittman, Ector, Sznura, Norway, Hall, Troutman, and McHale are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

8. The City of Chicago is not liable to Plaintiff for any state law claim for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

**JURY DEMAND**

Defendants City of Chicago and Defendant Officers Cato, Utreras, Pittman, Ector, Sznura, Norway, Hall, Troutman, and McHale request trial by jury.

Respectfully submitted,

/s/ Gail L. Reich
Gail L. Reich
Assistant Corporation Counsel
Attorney for Defendants

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-1975
(312) 744-6566 (FAX)
ATTY. NO. 6279564